VICTOR BARBERO, PLAINTIFF, v. STEPHEN PELLEGRINO, DEFENDANT.

Decided August 20, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justice CAMPBELL.

For the rule, *John F. Evans.*

*Contra, Harley, Cox & Walburg.*

PER CURIAM.

This suit was brought to recover compensation for personal injuries. The plaintiff was employed as a carpenter by Letz and Katz, who are the owners of and were engaged in erecting an apartment house in Paterson. The defendant was employed by the owners of the building to do the mason work thereon. While the plaintiff was standing in front of this building preparatory to going to work in the early morning of June 4th, 1927, he was struck by a brick which fell from a platform or a window ledge of the building. His claim was that the fall of the brick was the result of negligence on the part of an employe of the defendant, and that the latter was responsible. The court charged the jury that the fall of the brick spoke negligence on the part of the person who was responsible for its fall. The trial resulted in a verdict in favor of the plaintiff. The defendant applied for and was allowed a rule to show cause why this verdict should not

be set aside, all exceptions at the trial by the defendant being reserved.

The only ground for making the rule absolute which has been argued before us is that the trial judge erroneously instructed the jury that there was a presumption from the mere happening of the accident that it was the result of negligence on the part of the defendant's employe that caused the brick to fall. The instruction of the court to the jury upon this matter was excepted to at the close of the charge by counsel for the defendant. That exception being reserved, the proper court in which to test the validity of this instruction is a court of review on appeal from the judgment entered in the case. For this reason we conclude that the rule to show cause should be discharged.